UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LILAWATIE RAGBIR,

           Plaintiff,                    Case No. 6:09-cv-321-Orl-19DAB

vs.

IMAGINE SCHOOLS OF DELAWARE,
INC., and THE FOUNDATION FOR OSCEOLA
EDUCATION, INC.,

           Defendants.
_____/

**PLAINTIFF'S MOTION TO DENY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AS PREMATURE OR, ALTERNATIVELY,
TO ALLOW A DELAY OF PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT PENDING DISCOVERY**

Plaintiff, Lilawatie Ragbir, by and through her undersigned attorneys and pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida, hereby requests the entry of an Order (1) denying Defendant The Foundation For Osceola Education, Inc.'s ("Foundation") Motion for Summary Judgment [Dkt. 5] as Premature, or (2) delaying Plaintiff's Response to Foundation's Motion for Summary Judgment, and states:

1. On February 18, 2009, Defendants filed their Notice of Removal removing the instant case from the Ninth Judicial Circuit Court in and for Osceola County, Florida. [Dkt. 1].

2. Also on February 18, 2009, Foundation filed in the instant case the same Motion for Summary Judgment [Dkt. 5] it had previously filed in state court on December 2, 2008.

3. The following day, February 19, 2009, the Court entered a Milburn Order [Dkt 9] stating that the Court would take Foundation's Motion for Summary Judgment under advisement on March 24, 2009.

4. On February 20, 2009, Magistrate Judge Baker entered an Order to Show Cause [Dkt. 10] requiring the Defendants to show why this case should not be remanded to state court. In the Order to Show Cause, the Magistrate Judge noted that it appeared that the Notice of Removal may well have been filed beyond the time period allowed by 28 U.S.C. § 1446(b) and that there was no complete diversity of citizenship between Plaintiff and Defendants.

5. On March 3, 2009, Defendants filed their Response to Order to Show Cause [Dkt. 17].

6. On March 19, 2009, Plaintiff filed her Motion to Remand [Dkt. 18], to which the Defendants filed their Response in Opposition to Motion to Remand on April 2, 2009 [Dkt. 19].

7. Even though Foundation filed its Motion for Summary Judgment in the state court on December 2, 2008, it had never set its Motion for Summary Judgment for hearing in state court. Plaintiff would have objected such a hearing in state court if sought by Foundation as being premature considering that substantial discovery in this case had not been conducted.

8. To date, only one deposition (that of Plaintiff by Defendants) has been scheduled and that deposition, which began on February 12, 2009, is currently in recess by the Defendants and Plaintiff has not been cross examined. Defense counsel advises she still has hours of questions of Plaintiff.

9. Discussion between counsel for Plaintiff and Defendants regarding other discovery that had been ongoing stopped upon the filing of the Notice of Removal by Defendants.

10. Plaintiff has not been able to complete her discovery in such a manner as would allow her to properly and completely respond to Foundation's Motion for Summary Judgment. Therefore, Foundation's Motion for Summary Judgment is premature and is an inappropriate basis upon which to grant dispositive relief at this time. As Plaintiff argued in her Motion to Remand, Plaintiff has alleged in her Complaint that the Defendants are jointly liable to her as her employers. Plaintiff should be given the opportunity to conduct reasonable discovery designed to reveal and develop facts that further support her allegations.

11. In the event the Court determines that Plaintiff's Motion to Remand is well taken, then the Court will have no jurisdiction to consider Foundation's Motion for Summary Judgment and this case would be immediately remanded to state court.

12. For the foregoing reasons, Foundation's Motion for Summary Judgment should be denied as premature. Alternatively, Plaintiff's response to Foundation's Motion for Summary Judgment should be delayed until after Plaintiff has had the opportunity to conduct sufficient discovery of the joint employer issue in this case, pursuant to a regularly issued Case Management and Scheduling Order issued by the Court.

## MEMORANDUM OF LAW

Before entering summary judgment, the district court must ensure that the parties have an adequate opportunity for discovery. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The plain language of Federal Rule of Civil Procedure 56(c) clearly contemplates that summary judgment, if appropriate, only be entered **after discovery** has occurred in a case ("The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is

3

entitled to judgment as a matter of law.") Further, Federal Rule of Civil Procedure 56(f) safeguards against premature entry of summary judgment by providing:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.[1]

The Eleventh Circuit has consistently held that it is not proper to consider a motion for summary judgment unless the opposing party has had sufficient time to conduct and obtain discovery. "The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus, Georgia*, 120 F.2d 248, 253 (11th Cir. 1997).

At present, Plaintiff is prohibited from conducting any discovery pursuant to Rule 3.05(c)(2)(B) of the Local Rules of the United States District Court for the Middle District of Florida because the parties have not yet met to prepare and file a Case Management Report as required by the rule. This would include information from which Plaintiff could rebut the arguments set forth in Foundation's Motion for Summary Judgment, such as the extent to which the principal at P.M. Wells Elementary School, who is subject to certain control and direction by Foundation, was involved in the alleged illegal actions against Plaintiff or other facts that would support a determination that Foundation may be liable to Plaintiff for the cause of action set forth

---

[1] In the Eleventh Circuit, a party opposing summary judgment "need not file an affidavit pursuant to Federal Rule of Civil Procedure 56(f) in order to invoke the protection of that rule." *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 570 (11th Cir. 1990)(written representation by counsel, as officer of the court, is in the spirit of Rule 56(f)); *Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 871 (11th Cir.1988) ("In this Circuit, a party opposing a motion for summary judgment need not file an affidavit pursuant to Rule 56(f) of the Federal Rules of Civil Procedure in order to invoke the protection of that Rule.")

in her Complaint. *See, Stout v. St. Amour's Lawn Care, LLC*, 2008 WL 816818, *4 (M.D. Fl. 2008).

Plaintiff has requested the Court to remand this case to state court as there is no basis upon which the Court has jurisdiction of this case. As is clear from a review of the Complaint [Dkt. 1] and Plaintiff's Motion for Remand [Dkt. 18], the Court would not have original jurisdiction of this case under diversity jurisdiction because both Plaintiff and Foundation are citizens of Florida. Therefore, removal of this case from state court to district court is improper. Further, Defendants' Notice of Removal is procedurally defective as Defendants failed to file the Notice of Removal within the time period required by 28 U.S.C. § 1446(b). Removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp.*, 313 U.S. 100, 108 (1941); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994); *Crowe v. Coleman*, 113 F.3d 1536, 1543 (11th Cir. 1997)("If removal is doubtful, we remand the case.")

It is incumbent upon the Court to first determine whether this case should be remanded (in which case the Court has no jurisdiction) or to uphold the removal (in which case the Court has jurisdiction) before it moves on to consider Foundation's motion for summary judgment.

> It is a fundamental principle of law that "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994) (stating that federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress."). It follows from this principle of limited jurisdiction that a federal court has an independent obligation to review its authority to hear a case before it proceeds to the merits. *See American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 & n. 17, 71 S.Ct. 534, 542 & n. 17, 95 L.Ed. 702 (1951); *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir.1999).

*Mirage Resorts, Inc. v. Quiet Nacelle Corp.*, 206 F.3d 1398, 1400-01 (11th Cir. 2000).

The Court must, therefore, first determine if removal is proper. "We add that our removal jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction. . . . Therefore, when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Based upon the foregoing, Plaintiff respectfully requests the entry of an Order denying Foundation's Motion for Summary Judgment or, alternatively, delaying consideration of Foundation's Motion for Summary Judgment until the close of discovery pursuant to the discovery plan set forth in the Case Management and Scheduling Order that would be prepared and filed in this case if the Court denies Plaintiff's Motion to Remand.

## RULE 3.01(g) CERTIFICATION

Plaintiff's counsel certifies that he has attempted to confer with counsel for Defendants, Alva Cross, and files this motion, to avoid delay, without having had the opportunity to confer with Ms. Cross, who is out of the office all week. Plaintiff's counsel affirms that once he has the opportunity to confer with Ms. Cross, a notice on Defendants' position in this matter will be filed with the Court.

Respectfully submitted,

/s/ Bernard H. Dempsey, Jr.
BERNARD H. DEMPSEY, JR.
Florida Bar No. 0107697
bhd@dempsey-law.com
THOMAS WADE YOUNG
twy@dempsey-law.com
DEMPSEY & ASSOCIATES, P.A.
1560 Orange Avenue, Suite 200
Winter Park, Florida 32789
Telephone: (407) 422-5166
Facsimile: (407) 422-8556
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 8, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will automatically send e-mail notification of such filing to Defendants' counsel, and that a hard copy has been served via U.S. Mail upon Alva Cross Hughes, Esquire, Fisher & Phillips, LLP, 401 East Jackson Street, Suite 2300, Tampa, Florida 33602, and Jeffrey E. Mandel, Esquire, Fisher & Phillips, LLP, 300 South Orange Avenue, Suite 1250, Orlando, Florida 32801.

/s/ Bernard H. Dempsey, Jr.
Counsel for Plaintiff